IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

V.                                 CRIMINAL ACTION NO.: 09-CR-00173

MARTIN R. BOWLING,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, Martin R. Bowling, by counsel Mark L. French of the

law firm of Criswell & French, PLLC for his Sentencing Memorandum, and states as

follows:

## PRESENTENCE INVESTIGATION REPORT

The Defendant has no objections with respect to the Presentence Investigation

Report.

## 18 U.S.C. § 3553 (a) FACTORS

The factors set forth in 18 U.S.C. § 3553 (a) should compel this Court to sentence

this Defendant to a reasonably low sentence.   Each factor set forth in 18 U.S.C. § 3553

(a) is addressed in turn below:

**1.**    **18 U.S.C. § 3553 (a) (1)**

Mr. Bowling has admitted the nature and circumstances of the offense, in that he

has admitted his illegal actions.

As for Mr. Bowling's character, his actions were non-violent and Mr. Bowling's criminal history reflects that he is a non-violent person.  Additionally, attached hereto are several letters of support from various members of the community.  Also, as noted in paragraph 74 of the Presentence Investigation Report, Mr. Bowling is a primary caretaker for his wife's minor sister, and has been performing in that role for two (2) years.   This information all demonstrates that Mr. Bowling has been, and has the future potential to be, a strong contributing member of the local community.

**2.**     **18 U.S.C. § 3553 (a) (2) (A-D)**

There exists a reasonably low sentence this Court should impose that would satisfy the factors set forth in 18 U.S.C. § 3553 (a) (2) (A-D).  Mr. Bowling's offenses, while violations of law, do not involve violent acts. This is supported by the fact that both violations to which Mr. Bowling pleaded guilty are Class E felonies.

With respect to Count II of the indictment, Mr. Bowling has served nearly two (2) months incarcerated and approximately one (1) year on home confinement on a nearly identical state court charge. Mr. Bowling respectfully requests this Court take this information into account when forming an appropriate sentence in this case.

**3.**     **18 U.S.C. § 3553 (a) (3)**

Since the Supreme Court decisions in *United States v. Booker* and *United States v. Gall*, this Court is no longer limited by the arguably draconian sentencing ranges set forth in the United States Sentencing Guidelines.   Therefore, this Court should impose a reasonably low sentence below the advisory guideline range that would satisfy the goals and requirements of the federal sentencing scheme.

**4.**      **18 U.S.C. § 3553 (a) (4)**

Mr. Bowling's position with respect to the Federal Sentencing Guidelines is set forth above.

**5.**      **18 U.S.C. § 3553 (a) (5)**

The Defendant is not aware of any sentencing commission policy statement applicable to this matter.

**6.**      **18 U.S.C. § 3553 (a) (6)**

The Defendant is not aware of any other Defendant recently sentencing with similar facts and circumstances.  However, the Defendant would note that Defendants in related cases are currently set to be sentenced by this Court on May 20, 2010.

**7.**      **18 U.S.C. § 3553 (a) (7)**

Count Two Of The Information And Restitution

Paragraph 63 of the Presentence Investigation Report correctly states that Mr. Bowling pleaded guilty to computer fraud in the Circuit Court of Kanawha County, West Virginia on November 14, 2008.  Thereafter, Mr. Bowling pleaded guilty to Count II of the Information, charging him with Aggravated Identity Theft.  As noted by the Presentence Investigation Report, the conduct forming the basis of these two charges is exactly the same, and the United States Attorney's Office sought and received a waiver of the Petite Policy in prosecuting Mr. Bowling for this crime.

As part of the State Court prosecution, Mr. Bowling was ordered to pay restitution and is current on those payments.  Further, as stated on page 19 of the Presentence Investigation Report, Mr. Bowling's ability to pay restitution or a fine is severely limited.

Therefore, because Mr. Bowling has previously been ordered to pay restitution, and because Mr. Bowling's ability to pay a fine and/or restitution is limited, the Defendant respectfully requests this Court not order Mr. Bowling pay a fine and/or restitution, and allow Mr. Bowling to comply with the restitution order previously entered by the State Court.

## SUBSTANTIAL ASSISTANCE

The Government has filed a Motion for Substantial Assistance as to Mr. Bowling based upon his extraordinary cooperation in this case.  Mr. Bowling pleaded guilty by way of information, saving the Government the time and expense of seeking an indictment.  Mr. Bowling provided testimony to the Government that enabled the Government to expand its investigation into fraud with respect to Workforce West Virginia.  Lastly, Mr. Bowling appeared before a federal grand jury sitting in Charleston, West Virginia and provided approximately two (2) hours of sworn testimony.

## CONCLUSION

Attached to this Sentencing Memorandum are several letters of support for Mr. Bowling.

As for the Defendant's request regarding sentencing, the guideline provisions suggest a term of imprisonment on Count I for one (1) to seven (7) months, with a mandatory minimum twenty-four (24) months for Count II.  The result is a guideline imprisonment range of twenty-five (25) to thirty-one (31) months.  However, there are several factors that should compel this Court to sentence Mr. Bowling below the guideline range.

First, Mr. Bowling pleaded by way of Information, preventing the Government from incurring the expense of Indictment and Trial.

Second, Mr. Bowling has cooperated with the Government and earned a substantial assistance motion.

Third, the offense conduct that is the basis for Mr. Bowling's plea to Count II of the Information is the exact same conduct that supports his conviction in state court for computer fraud.  Essentially, because the Government waived the Petit Policy in this case, Mr. Bowling is being punished twice for the same offense conduct.  While the actions of the Government are legal given the decisions in *Blockburger v. United States*, 284 U.S. 299 (1932) (*stating that test for double jeopardy is whether subsequent charge requires proof of additional fact which other does not require*), and *Bartkus v. People of Ill.*, 359 U.S. 121 (1959) (*upholding the separate sovereignty doctrine for subsequent state and federal prosecutions for same criminal conduct*) ruling in equity this Court should sentence Mr. Bowling below the advisory guideline range.

WHEREFORE, based upon the above stated and for all other grounds as may be apparent on the record, the Defendant PRAYS this Court find that incarceration would not further the goals of sentencing, and sentence defendant to a term of probation and/or community confinement, with such terms and conditions as this Court and the Probation Office may deem appropriate, along with all other and further relief this Honorable Court deems just and proper.

**<u>MARTIN R. BOWLING</u>**
By counsel

/s Mark L. French
Mark L. French, Esquire
CRISWELL & FRENCH, PLLC
405 Capitol Street, Suite 1007
Charleston, WV  25301
(304) 720-6220
mfrench@criswellfrench.com
W. Va. Bar ID No.: 9061

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

     Plaintiff,

V.                              CRIMINAL ACTION NO.: 09-CR-00173

MARTIN R. BOWLING,

     Defendant.

## CERTIFICATE OF SERVICE

     I, Mark L. French, Esquire, do hereby certify that a true copy of the foregoing *"Sentencing Memorandum"* has been electronically filed and service has been made by virtue of such electronic filing upon:

Thomas C. Ryan, Esquire
Assistant United States Attorney
300 Virginia Street, East  Rm. 4000
Charleston, WV  25301

This the 10th day of May, 2006.

                              **MARTIN R. BOWLING**
                              By counsel

/s Mark L. French     .
Mark L. French, Esquire
CRISWELL & FRENCH, PLLC
405 Capitol Street, Suite 1007
Charleston, WV  25301
(304) 720-6220
mfrench@criswellfrench.com
W. Va. Bar ID No.: 9061